UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,           :
                                    :     **MEMORANDUM**
v.                                  :     **OPINION AND ORDER**
                                    :
TRACEY MOOD,                        :     19 CR 113 (VB)
                    Defendant.      :
--------------------------------------------------------------x

      Now pending is defendant Tracey Mood's motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for a reduction of his term of imprisonment.  He seeks an "immediate[] release . . . to home confinement for the remaining duration of his prison term (to be followed by the imposed five-year period of supervised release)."  (Doc. #40 at p. 1).

      For the following reasons, the motion is DENIED.

      The current COVID-19 pandemic is an unprecedented worldwide catastrophe.  But it does not warrant the early release of sentenced inmates in federal prisons convicted of serious, dangerous offenses, like Mood, whose medical conditions and risk of contracting the virus cannot be deemed "extraordinary and compelling."  See 18 U.S.C. § 3582(c)(1)(A)(i).

      First, Mood's offense was serious, in that he organized and led a conspiracy to distribute crack cocaine and heroin in and around Port Chester, New York, using multiple couriers to deliver the drugs and collect the money.  Through a confidential informant, law enforcement made eight controlled purchases of crack and heroin from Mood between March and August 2018.  At the time of his arrest, Mood tried to destroy evidence.

      Moreover, Mood is both a career criminal, as that term is commonly understood, and a "career offender" under the Sentencing Guidelines:  he has seventeen prior convictions for various drug and other offenses, including at least eight felony drug convictions; has served multiple prison sentences; has had his parole revoked several times; and has no verifiable work

history. These facts demonstrate that throughout Mood's adult life he has done little else other than sell drugs and cycle in and out of prison. As a result, Mood's sentencing range under the Guidelines was 188-235 months' imprisonment.

At sentencing on September 9, 2019, applying the factors set forth in 18 U.S.C. § 3553(a), the Court imposed a below-Guidelines sentence of 84 months' imprisonment, to be followed by a five-year term of supervised release. The Court did so in consideration of the fact that, by comparison to leaders of other drug conspiracies, Mood was a relatively low-level drug dealer. Also, he had a difficult upbringing, was a long-time drug abuser himself, enjoyed strong family support, and expressed sincere remorse at sentencing. Nonetheless, given Mood's role in the offense and his lengthy criminal record, the sentence was significantly higher than the applicable mandatory minimum, and, as the Court found, was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant.

Mood has been detained since his arrest on August 16, 2018. Thus, he has served approximately 22 months of his 84-month sentence, or about twenty-six percent of the sentence imposed.

Second, Mood has not demonstrated "extraordinary and compelling reasons" to warrant the extraordinary relief being sought—namely, early termination of a lawfully imposed prison sentence—taking into account both his medical history and his risk of exposure to the virus. Mood is 53 years old. He is neither elderly nor infirm. He has non-insulin dependent Type 2 diabetes, slightly elevated blood pressure, high cholesterol, and is obese. But according to his medical records, his diabetes, hypertension, and high cholesterol have been carefully monitored

by the Bureau of Prisons ("BOP") and well-managed through medication.  He has no reported history of heart disease or respiratory ailments.  There is no question that Mood has health issues, but his condition is stable and has been effectively managed by routine monitoring and medication.

Of course Mood is at risk for contracting the virus at FCI Schuylkill or anywhere else.  However, the Court is persuaded by the government's submission that FCI Schuylkill has taken substantial measures to respond to the COVID-19 threat, and has the means to competently care for its inmate population.  For example, FCI Schuylkill is operating at eighty percent capacity, which facilitates social distancing, and has not accepted inmates from other facilities or allowed visiting since mid-March of this year.  Indeed, there have been no confirmed COVID-19 cases at FCI Schuylkill, among inmates or staff, since the pandemic began.  And Mood is currently assigned his own cell.  For these reasons, Mood's risk of exposure, while not zero, is low.  And Mood has not established that he would be less likely to contract the virus if he were released into the community.

Finally, as required by Section 3582(c)(1)(A), the Court has considered "the factors set forth in section 3553(a) to the extent that they are applicable."  The serious nature of the offense and Mood's lengthy criminal history warranted a substantial prison sentence at the time it was imposed; those same factors counsel strongly against cutting that sentence by nearly seventy-five percent less than one year later.  Moreover, the sentence was designed to promote respect for the law and provide just punishment for the offense.  To dramatically reduce the sentence in light of the current public health crisis would neither be just nor promote respect for the law; if anything, it would promote disrespect for the law.  And shortening Mood's sentence would also undermine

two other critical sentencing objectives in this case: the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. As demonstrated by Mood's lengthy criminal history, he is not easily deterred from engaging in new criminal conduct, and the likelihood that he will recidivate is high. Thus, these sentencing factors not only supported the sentence at the time it was imposed, they also weigh strongly against Mood's early release.

Accordingly, for the reasons set forth above, defendant Tracey Mood's motion for a reduction of his term of imprisonment is DENIED.

Dated: June 16, 2020
      White Plains, NY

SO ORDERED:

_____

Vincent L. Briccetti
United States District Judge