```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA                :
                                        :         ORDER
v.                                      :
                                        :         19 CR 113 (VB)
TRACEY MOOD,                            :
                    Defendant.          :
--------------------------------------------------------------x
```

By motion entitled "Successive Motion for Compassionate Release," which was docketed on December 27, 2022 (Doc. #72), defendant Tracey Mood again seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Mood's five prior motions for the same relief were denied both because Mood had not demonstrated extraordinary and compelling reasons warranting his early release, and because the factors set forth in 18 U.S.C. § 3553(a) weighed strongly against early release. (See Docs. ##45, 47, 51, 56, 59, 62, 70).

Having carefully considered Mood's latest motion and supplementary letters (Docs. ##74, 78, 80), as well as the government's response (Doc. #77), the Court again concludes, for the same reasons, that the motion must be denied.

Mood's offense—organizing and leading a conspiracy to distribute crack cocaine and heroin in and around Port Chester, New York, during which he used couriers to deliver drugs and collect money—was extremely serious. Moreover, Mood has a lengthy criminal record, including seventeen prior convictions and eight felony drug convictions, and has served multiple prior prison sentences and had his parole revoked several times. Mood is truly both a "career offender," as that term is defined by the Sentencing Guidelines, and a career criminal, as that term is commonly understood.

On September 6, 2019, even though Mood's applicable Guidelines range was 188 to 235 months' imprisonment, the Court sentenced Mood principally to 84 months' imprisonment, after taking into consideration several mitigating factors that warranted a substantial downward variance. In light of Mood's leadership role in the drug conspiracy and his lengthy criminal record, that sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public.

To date, Mood has served approximately 55 months of his 84-month sentence, or about two-thirds of the sentence imposed.

Mood's latest motion repeats all of his prior arguments for early release—including that he has diabetes, hypertension, and high cholesterol, putting him at greater risk of serious complications from COVID-19,[1] and that he suffers from vertigo, dizziness, and fatigue—and

---

[1] Mood, who is fully vaccinated, has twice contracted and recovered from COVID-19.

1

adds that he suffers from mental anguish because of his restrictive conditions of confinement during the pandemic.  Mood also claims the Bureau of Prisons ("BOP") has inadequately diagnosed and treated his dizziness, fatigue, symptoms of "long COVID," and psychological problems.

Having carefully reviewed Mood's medical records, as well as the record of Mood's administrative grievance regarding his treatment, the Court concludes he has still not shown extraordinary and compelling reasons warranting an early release.  Those records show BOP evaluated and diagnosed Mood's illnesses and prescribed medication and other treatment—including admission to and treatment at a local hospital.  He was diagnosed with vestibular neuritis, an inner ear condition that can cause symptoms of vertigo and dizziness, and prescribed medication.  After further evaluation by BOP health professionals, certain medication was discontinued and other medication was prescribed.  And even though Mood was able to ambulate safely, he was provided with a wheelchair.  The records also reflect that Mood was observed acting inconsistently with his complaints of persistent dizziness, such as by putting his wheelchair away and exercising without difficulty.  BOP has continued to monitor and treat Mood's symptoms, including by prescribing new medications and discontinuing others, and referring Mood for a magnetic resonance imaging ("MRI") test.  Also, Mood's request to be seen by psychological services was granted.  In short, notwithstanding Mood's dissatisfaction with his treatment, the Court is satisfied Mood has received adequate medical care while in custody, and therefore has not shown an extraordinary or compelling reason to warrant the extraordinary relief he seeks.  And as far as Mood's claimed mental anguish is concerned, the Court recognizes that being incarcerated during the pandemic has been extremely difficult for all inmates, but that fact does not constitute an extraordinary or compelling reason to warrant the early release of inmates, like Mood, convicted of serious federal crimes.

Moreover—and of critical importance to the consideration of this motion—even if Mood's medical issues and BOP's treatment thereof were deemed extraordinary and compelling, consideration of the Section 3553(a) factors still counsels strongly against Mood's early release.  Mood says he has been enrolled in drug treatment and education programs, and is striving to rehabilitate himself.  The Court congratulates Mood on these efforts and urges him to continue.  But given Mood's recidivist and extremely lengthy criminal history, including his constant drug trafficking (except when incarcerated) and repeated parole violations, the Court is constrained to believe Mood remains a danger to the community.   Given this history, and the seriousness of the underlying offense, to reduce Mood's sentence now would neither be just nor promote respect for the law.  If anything, it would risk promoting disrespect for the law.  It would also undermine the need to afford adequate deterrence and, perhaps most importantly, the need to protect the public from further crimes of the defendant.

For all the foregoing reasons, the motion is DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Tracey Mood, Reg. No. 86057-054
FCI Schuylkill
Federal Correctional Institution
P.O. Box 759
Minersville, PA 17954

Dated: March 22, 2023
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge